IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-73 |
| MARTIN KENNEY<br>GARRETT KELLEHER | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT MARTIN KENNEY'S AND DEFENDANT GARRETT KELLEHER'S MOTIONS TO DISMISS

The issue in this case is plain: Did Defendants willfully fail to obey this Court's October 14, 2016 Order in the underlying civil matter? Despite the limited scope of this proceeding, by their motions to dismiss, Defendants present numerous jurisdictional arguments not properly before the Court. This criminal contempt proceeding is not the forum for Defendants to reargue jurisdictional issues already presented to and decided by this Court. The Court previously found both personal jurisdiction over the Defendants and subject matter jurisdiction over the claims in the underlying civil case. To the extent Defendants take issue with these findings, those arguments may be raised on appeal. They are simply not at issue here and are not proper bases for dismissal.

For this reason and those that follow, the government respectfully submits that Defendant Martin Kenney's and Defendant Garrett Kelleher's Motions to Dismiss (Doc. Nos. 9, 11) should be summarily denied.

I.  **BACKGROUND**

The Court is familiar with the factual and procedural background of the related civil case (Civ. A. No. 91-6785) and the government will not recount it in detail here.  Despite the lengthy procedural history of the related civil case, the portion of that history as is relevant to the present contempt proceeding is straightforward.

On July 22, 3016, this Court held Defendants Martin Kenney and Garrett Kelleher in civil contempt doe violating a April 3, 2001 Anti-Suit Injunction.  (Civ. A. No. 91-6785, Doc. Nos. 472, 473.)  In its contempt opinion and order, the Court found that it had personal jurisdiction over both Defendants and that it had subject matter jurisdiction to adjudicate Defendants in contempt.  (Id.)  On October 14, 2016, the Court ordered that Defendants Kenney and Kelleher appear in person at a December 14, 2016 evidentiary hearing on the amount of damages resulting from their contempt, warning "FAILURE TO APPEAR WILL RESULT IN PROSECUTION FOR CRIMINAL CONTEMPT."  (Civ. A. No. 91-6785, Doc. No. 485.)

Defendants each filed a motion asking the Court to reconsider its October 14, 2016 Order requiring that they appear in person.  (Civ. A. No. 91-6785, Doc. Nos. 486, 489.)  The Court denied their requests.  (Civ. A. No. 91-6785, Doc. No. 495.)  Defendants then appealed to the Third Circuit for a stay and writ of prohibition. (Civ. A. No. 91-6785, Doc. Nos. 496, 499, 500.) On December 9, 2016, the Third Circuit denied Defendants' motions to stay the District Court proceedings for lack of jurisdiction and denied their petition for a writ of prohibition for failure to demonstrate a clear and indisputable entitlement to the writ.  (Civ. A. No. 91-6785, Doc. No. 501.)

Despite this Court having explicitly denied their requests not to appear in person and the Third Court's dismissal of their stay request, Defendants nevertheless failed to appear at the

December 14, 2016 as required by the Court, and instead sent counsel on their behalf.  (Civ. A. No. 91-6785, Doc. No. 501; see also Doc. No. 9, Ex. AA.)

On February 8, 2017, the Court ordered "that **MARTIN KENNEY** and **GARRETT KELLEHER** shall **APPEAR IN PERSON** and **SHOW CAUSE** why they should not be held in criminal contempt at a trial to be held on **April 25, 2017**, at **9:30 a.m.** in Courtroom 14A, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106."  (Civ. A. No. 91-6785, Doc. No. 518.).  The Court furthered ordered that the Clerk of Court open a new criminal case naming Martin Kenney and Garrett Kelleher as defendants. (Id.) The present case was opened and referred to this office for prosecution.

## II.    DEFENDANTS' MOTIONS

On March 30, 2017, Defendant Martin Kenney filed a motion to dismiss.  (Kenney Motion to Dismiss (Doc. No. 9) (hereinafter "Kenney Motion").)  Defendant Martin Kenney raises four bases for dismissal.  First, he claims that the October 14, 2016 Order, which provides the basis for this criminal contempt proceeding, was "transparently invalid" because the Court exceeded its lawful power in ordering Defendants to appear.   (See Kenney Motion at 1, 18-21.) Second, he asserts that the Court lacked personal jurisdiction over him.  (Id. at 1, 21-33.)  Third, he contends that the Court lacked subject-matter jurisdiction "at all relevant times".  (Id. at 2, 22-40.)  And finally, he argues that he is entitled to derivative sovereign immunity, which deprives the Court of subject-matter jurisdiction.  (Id. at 2, 40-44.)

Defendant Garrett Kelleher filed a motion to dismiss on April 4, 2017.  (Kelleher Motion to Dismiss (Doc. No. 11) (hereinafter "Kelleher Motion").)  Defendant Kelleher adopts Defendant Kenney's arguments, claims that the Court lacks jurisdiction over him, and asserts that he acted at all times in good faith and in reliance upon advice of counsel.  (See Kelleher

3

Motion at 1-2.) Since both Motions present identical issues, the government addresses them together.

Defendant Kenney's second, third, and fourth arguments (as adopted by Defendant Kelleher) and Defendant Kelleher's argument that the Court lacks personal jurisdiction over him have before been argued by Defendants and were decided by this Court in its July 22, 2016 Opinion on the issue of civil contempt. (Civ. A. No. 91-6785, Doc. No. 472 (hereinafter "7/22/2016 Opinion")). Specifically, the Court held:

> (1) the Court has personal jurisdiction over all respondents (including Defendants Martin Kenney and Garrett Kelleher), see 7/22/2016 Opinion at 13-26;
>
> (2) the Court has subject matter jurisdiction over respondents (again including Defendants), see id. at 28-31; and
>
> (3) respondents (including Defendants) are not protected by sovereign immunity, see id. at 31-39.

Because of this, not one argument warrants a response, and, in light of the Court's previous findings, not one provides a basis for dismissal.[1]

As to Defendant Kenney's first argument, Defendants raised this argument in their motions for reconsideration, which the Court denied. (Civ. A. No. 91-6785, Doc. Nos. 486, 489, 495.) For this reason and the additional reasons discussed below, the first argument does not provide a basis for dismissal or a defense to criminal contempt.

---

[1] Although not raised as an independent basis for dismissal by Defendant Kenney, both Defendant Kenney and Defendant Kelleher appear to raise and argue a good faith reliance on advice of counsel defense. To the extent Defendants offer this defense as a basis for undermining the Court's previous finding of civil contempt, the issue has before been raised to and addressed by the Court. It is not a basis for dismissal of the criminal contempt proceedings. To the extent Defendants offer this argument as a defense to the criminal contempt proceedings, while the arguments may be raised and addressed as part of the Court's April 25, 2017 Show Cause Hearing, they do not serve as a defense to contempt and are not a basis for dismissal.

4

**III.    ARGUMENT**

It is well-established that a person subject to a court order must abide by its terms, unless and "until it is reversed by orderly and proper proceedings." United States v. United Mine Workers, 330 U.S. 258, 293 (1947).  In fact, courts have repeatedly held that an individual may not use an order's potential or purported invalidity as a defense to criminal contempt, even where an order is later declared improper or unconstitutional.  See Walker v. City of Birmingham, 388 U.S. 307, 316-21 (1967) (upholding a finding of contempt against Dr. Martin Luther King, Jr. and others where the ordinance Dr. King violated "unquestionably raise[d] substantial constitutional issues" based on a finding that the protectors could not raise these constitutional challenges in contempt proceedings); see also In re Providence Journal Co., 820 F.2d 1342, 1346 (1st Cir. 1986) (citing United Mine Workers, 330 U.S. 258 and Walker v. City of Birmingham, 388 U.S. 307) ("[A] party subject to a court order must abide by its terms or face criminal contempt.")  Defendants' argue an exception to this rule (the "collateral bar" rule) applies here.  It does not.

Although "[a]n order entered by a court clearly without jurisdiction over the contemnors or the subject matter is not protected by the collateral bar rule," such an exception is only applicable in the case of "transparently void orders," and does not apply to "arguably proper" ones.  In re Providence Journal Co., 820 F.2d at 1347.  Additionally, court orders carry a "heavy presumption in favor of validity".  Id.  Therefore, where an order, though subject to dispute, is arguably proper, the exception to the collateral bar rule does not apply.  Id.

Here, Defendants dispute the validity of the Court's October 14, 2016 Order.  According to Defendants, because the Court lacked jurisdiction, the October 14, 2016 Order is

5

"transparently invalid" and not subject to the collateral bar rule. (Motion at 18.) The government disagrees.

Even assuming there is an arguable basis (or even a serious one) that the October 14, 2016 Order is improper, Defendant is nevertheless required to abide by it unless the Court is so "clearly without jurisdiction over [Defendants] or the subject matter." Id. While Defendants dispute the Court's jurisdiction, this Court has fully addressed Defendants' jurisdictional arguments and concluded that has jurisdiction over both Defendants. (Civ. A. No. 91-6785, Doc. Nos. 472, 473.) The Court's decision in this regard is, at the very least, "arguably" sound and its October 14, 2016 Order is thus, arguably proper. The collateral bar rule therefore prevents Defendants from using the Order's purported invalidity as a defense to contempt. Although Defendants' arguments may present an arguable basis for appeal of the civil contempt order, they do not provide a basis for dismissal or a defense to contempt.

**IV.   CONCLUSION**

"The power to punish for contempt and thereby compel respect for its decrees is an inherent power of the federal courts[, and i]t is an essential part of judicial power." Ex parte Grossman, 267 U.S. 87, 107 (1925). Defendants have shown disrespect for this Court and the American justice system in general. As the record shows, they willfully disobeyed this Court's October 14, 2016 Order, despite the Court warning that such disobedience could be punished by criminal contempt. Defendants may not avoid this reality by re-litigating jurisdictional arguments already decided by this Court or by claiming they had a right to disobey. Defendants' motions do not provide any colorable basis for dismissal or a defense to criminal contempt.

For these reasons and those above, the government respectfully requests that the motions be denied.

Respectfully submitted,

/s/ Sarah Damiani
SARAH T. DAMIANI
DANIEL A. VELEZ
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2017, a true and correct copy of the foregoing Government's Response to Defendant Martin Kenney's and Defendant Garrett Kelleher's Motions for Dismiss was served as follows:

<u>ECF upon</u>

PATRICK J. EGAN
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19107
pegan@foxrothschild.com
*Attorney for Defendant Martin Kenney*

<u>First Class Mail upon</u>

GARRETT KELLEHER
c/o Noel Smyth and Partners
attn: Ronan Harrigan
12 Ely Place
Dublin 2 Ireland
*Defendant, Pro se*

/s/ Sarah Damiani