IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-73 |
| MARTIN KENNEY | : | |
| GARRETT KELLEHER | : | |

### GOVERNMENT'S PRETRIAL BRIEF

Defendants Martin Kenney and Garrett Kelleher have been charged, by notice pursuant to Federal Rule of Criminal Procedure 42, with criminal contempt based on their contemptuous behavior, including their disobedience of this Court's October 14, 2016 Order, in an underlying civil case (Civ. A. No. 91-6785). The Court's Rule 42 notice charging criminal contempt set a trial date of April 25, 2017. The government hereby submits this trial brief outlining the facts, law, and evidence relevant at trial.

I. FACTS

On July 22, 2016, this Court held Defendants Martin Kenney and Garrett Kelleher in civil contempt in the underlying case (Civ. A. No. 91-6785) based on Defendants having violated an April 3, 2001 Anti-Suit Injunction. In its opinion, the Court detailed the factual basis for the finding of contempt, found that it had personal jurisdiction over both Defendants, and held that it had subject matter jurisdiction to adjudicate Defendants in contempt.

On October 14, 2016, the Court ordered Defendants Kenney and Kelleher to appear in person at a December 14, 2016 evidentiary hearing on the amount of damages resulting from their contempt, warning "FAILURE TO APPEAR WILL RESULT IN PROSECUTION FOR CRIMINAL CONTEMPT." Defendants each filed a motion asking the Court to reconsider

its October 14, 2016 Order requiring that they appear in person. They argued, *inter alia*, that the Court did not have the authority to order them to appear in person. The Court rejected this argument and denied their motions. Defendants then appealed to the Third Circuit for a stay and writ of prohibition. On December 9, 2016, the Third Circuit denied Defendants' motions to stay for lack of jurisdiction and denied their petitions for a writ of prohibition for failure to demonstrate a clear and indisputable entitlement to the writ.

Despite this Court having explicitly denied their requests not to appear in person and the Third Court having dismissed their stay requests, Defendants nevertheless failed to appear at the December 14, 2016 hearing as required by the Court, and instead sent counsel on their behalf. As to the reason for Defendants' non-appearance, Defendants explain that because they believed, based at least in part on advice of counsel, that the Court's October 14, 2016 Order was improper, they did not comply.

Defendants do not submit that they lacked sufficient notice of the Court's Order or of the requirement that they appear. In fact, they each filed a motion asking the Court to reconsider the requirement they attend, appealed to the Third Circuit when the Court denied these motions and, when the Third Circuit denied their appeal, sent counsel to the hearing on their behalf. Defendant's actions show they had notice of the Court's October 14, 2016 Order. Defendants also do not claim that they had a good faith, yet mistaken, belief that they were not required to attend. Rather, they claim they knew that the Court's Order required their attendance, but did not attend because they disagreed with the Court's finding that it had jurisdiction and authority to require them to appear.

On February 8, 2017, following Defendant's failure to appear on December 14, 2016, the Court ordered "that **MARTIN KENNEY** and **GARRETT KELLEHER** shall

**APPEAR IN PERSON** and **SHOW CAUSE** why they should not be held in criminal contempt at a trial to be held on **April 25, 2017**, at **9:30 a.m.** in Courtroom 14A, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106." (The "Rule 42 Notice and Show Cause Order"). The Court further ordered that the Clerk of Court open a new criminal case naming Martin Kenney and Garrett Kelleher as defendants. The present case was opened and referred to this office for prosecution.

## II.   LAW APPLICABLE TO THE OFFENSE

Defendants Martin Kenney and Garrett Kelleher have been charged with criminal contempt. "[T]he power to punish for contempts is inherent in all courts, has been many times decided[,] and may be regarded as settled law." Waste Conversion, Inc. v. Rollins Environmental Services, Inc., 893 F.2d 605, 608 (3d Cir. 1990). The power to punish for contempts is codified in Title 18, United States Code, Section 401. Section 401 provides, in relevant part, that a United States has "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as -- . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.

To establish a criminal contempt under § 401(3), it must be shown, beyond a reasonable doubt, that the defendant disobeyed or resisted a court's lawful writ, process, order, rule, decree, or command. United States v. Pozsgai, 999 F.2d 719, 735 (3d Cir. 1993). Criminal contempt also requires proof, beyond a reasonable doubt, that such disobedience or resistance was willful. Waste Conversion, 893 F.2d at 608. While good faith may act as a bar to a finding of willfulness, "[t]o provide a defense to criminal contempt, . . . the *mistaken construction* must be one which was adopted in good faith and which, given the background and purpose of the

order, is plausible." Id. (quoting United States v. Greyhound Corp., 508 F.2d 529, 531 (7th Cir. 1974) (internal quotation marks omitted)) (emphasis added).

Additionally, an individual may not use an arguably proper order's potential or purported invalidity as a defense to criminal contempt, even where an order is later declared improper or unconstitutional. See Walker v. City of Birmingham, 388 U.S. 307, 316-21 (1967) (upholding a finding of contempt against Dr. Martin Luther King, Jr. and others where the ordinance Dr. King violated "unquestionably raise[d] substantial constitutional issues" based on a finding that the protectors could not raise these constitutional challenges in contempt proceedings); see also In re Providence Journal Co., 820 F.2d 1342, 1346 (1st Cir. 1986) (citing United Mine Workers, 330 U.S. 258 and Walker v. City of Birmingham, 388 U.S. 307) ("[A] party subject to a court order must abide by its terms or face criminal contempt.") and id. at 1347 (explaining where an order, though subject to dispute, is arguably proper, the exception to the collateral bar rule does not apply).

### III.  JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(c)(2), the government requests the Court take judicial notice of the documents, pleadings, transcripts, and other matters of record in this case and the underlying civil matter (Civ. A. No. 91-6785).

Federal Rule of Evidence 201 permits a court, "at any stage of the proceeding", to take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "It is well established that a court may take judicial notice of its own records." United States v. Author Services, Inc., 804 F.2d 1520, 1523 (9th Cir. 1987). Moreover, "judicial

notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." United States v. Estep, 760 F.2d 1060, 1063-64 (10th Okla. 1985). This case is thus particularly suitable to judicial notice since the facts of the underlying civil litigation form the basis for the contempt proceeding here.

The government therefore requests that the Court take judicial notice of all matters of record in this case and in Civ. A. No. 91-6785, and that the Court specifically take notice of the following documents and dockets as relevant to establish a contempt violation and as evidence in the government's case in chief:

- July 22, 2016 Opinion and Order on Civil Contempt (Civ. A. No. 91-6785, Doc. Nos. 472, 473);

- October 14, 2016, Order requiring Defendants Kenney and Kelleher to appear in person at a December 14, 2016 evidentiary hearing (Civ. A. No. 91-6785, Doc. No. 485);

- Defendants' Motions for Reconsideration of the October 14, 2016 Order (Civ. A. No. 91-6785, Doc. Nos. 486, 489);

- November 22, 2016 Order denying Defendants' Motions for Reconsideration (Civ. A. No. 91-6785, Doc. No. 495.)

- Defendants' Notices of Appeal to the Third Circuit (Civ. A. No. 91-6785, Doc. Nos. 496, 499, 500);

- December 9, 2016 Third Circuit Order denying Defendants' motions to stay and petitions for a writ of prohibition (Civ. A. No. 91-6785, Doc. No. 501);

- December 14, 2016 Hearing Transcript (Civ. A. No. 91-6785, Doc. No. 507);

- Defendant Martin Kenney's Motion to Dismiss (Doc. No. 9); and

- Defendant Garrett Kelleher's Motion to Dismiss (Doc. No. 11).

**IV.    EVIDENCE AND WITNESSES**

The documents and records listed in Section III form the required factual basis for these criminal contempt proceedings. Not only does the Court have the power to take judicial

notice of these documents and records, the documents and records themselves establish a factual basis for a finding of criminal contempt.  The government therefore submits that the record in the underlying civil case and the Defendants' submission in this proceeding prove, beyond a reasonable doubt, that Defendants are guilty of criminal contempt.

As outlined in the Court's July 22, 2016 Memorandum, Defendants' have acted in deliberate defiance of the 2001 Anti-Suit Injunction, by organizing and funding efforts connected to the sale of enjoined claims and to foreign litigation pursued and judgments entered in defiance of the judgment in the underlying case.  (See Civ. A. No. 91-6785, Doc. No. 472.)  It is undisputed that Defendants knew of the Injunction and deliberately acted in defiance of it.  (Id. at 27-28.)  Additionally, it is undisputed that Defendants failed to comply with this Court's October 14, 2016 Order requiring their appearance at the December 14, 2016 Hearing.  The October 14, 2016 Order ordered Defendants' to appear and warned "FAILURE TO APPEAR WILL RESULT IN PROSECUTION FOR CRIMINAL CONTEMPT."  (Civ. A. No. 91-6785, Doc. No. 485).  Neither Defendant appeared at the hearing. (Civ. A. No. 91-6785, Doc. No. 507). Furthermore, as noted above, it is undisputed that Defendants had notice of the hearing and the requirement that they appear.  Thus, the only fact at issue here is whether their disobedience was willful.  The record evidence shows that it was.

As Defendants' own submissions in this case make clear, Defendants' decisions not to abide by the Anti-Suit Injunction and not to attend the December 14, 2016 hearing were thoughtful and deliberate.  (See Doc. Nos. 9, 11.)  They made deliberate efforts to circumvent the Anti-Injunction Suit and, though they understood that the Court's October 14, 2016 Order required their attendance, they nevertheless decided not to appear because they disagreed with the Court's finding that it had jurisdiction and authority to order them to do so.  This fact is

evident from Defendants' own submissions in both this case and the underlying civil case, (see Doc. Nos. 9, 11; Civ. A. No. 91-6785, Doc. Nos. 486, 489) and is proof that Defendants' decisions to disobey the Court's October 14, 2016 Order were willful.

Defendants' reliance on advice of counsel and foreign law does not constitute a "mistaken construction" "adopted in good faith" sufficient to provide a defense to contempt. See Waste Conversion, 893 F.2d at 608. Moreover, Defendants' insistence that the Court is without authority and jurisdiction does not give them a basis to disregard the Court's "arguably proper" order or a defense to contempt. See In re Providence Journal Co., 820 F.2d at 1347. For these reasons, the government submits that when the Court takes judicial notice of the requested documents and dockets, the government establishes a factual basis for a finding of contempt absent some independent evidence presented by Defendants.

In the event Defendants introduce independent evidence to establish a defense to contempt, the government reserves the right to rebut any such evidence by introducing documents and testimony as necessary to do so.

V.     **DEFENDANT KELLEHER'S RIGHT TO COUNSEL**

Defendant Kelleher has the right to counsel in these contempt proceedings. See In re Grand Jury Proceedings Harrisburg Grand Jury 79-1, 658 F.2d 211, 216-17 (3d Cir. 1981) (citing Cooke v. United States, 267 U.S. 517 (1925) and Argersinger v. Hamlin, 407 U.S. 25 (1972)) ("In addition to the guarantee set forth in Rule 42(b) of 'a reasonable time for the preparation of the defense,' a criminal contempt defendant has the right to counsel and the right to refuse to testify."); see also In re Solomon, 465 F.3d 114 (3d Cir. 2006) (same).

Thomas M. Breen and Robert Stanley, of the Chicago law firm Breen & Pugh, contacted our office several weeks ago about Mr. Kelleher. However, as of the date of this brief,

neither attorney had entered his appearance on Defendant Kelleher's behalf.   While our office called both Mr. Breen and Mr. Stanley to inquire if they intended to enter their appearance in this matter, as of the date of this brief, neither attorney has returned our call.  The government will update the Court if and when they do.

Should Defendant Kelleher remain unrepresented at the time of the April 25, 2017 hearing, then the Court should appoint counsel to represent him absent a knowing and voluntary waiver of his right to counsel.   The government does not have knowledge of Defendant Kelleher's finances, but should he be eligible for appointment of counsel, the government is unaware of any conflict with the defenders.

Respectfully submitted,

/s/ Sarah T. Damiani
SARAH T. DAMIANI
DANIEL A. VELEZ
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2017, a true and correct copy of the foregoing Government's Response to Defendant Martin Kenney's and Defendant Garrett Kelleher's Motions for Dismiss was served as follows:

<u>ECF upon</u>

PATRICK J. EGAN
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19107
pegan@foxrothschild.com
*Attorney for Defendant Martin Kenney*


<u>First Class Mail upon</u>

GARRETT KELLEHER
c/o Noel Smyth and Partners
attn: Ronan Harrigan
12 Ely Place
Dublin 2 Ireland
*Defendant, Pro se*


/s/ Sarah T. Damiani