

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

| | |
|---|---|
| *Daniel A. Velez and Sarah Damiani* | *615 Chestnut Street* |
| *Direct Dial: (215) 861-8454* | *Suite 1250* |
| *Direct Dial: (215) 861-8356* | *Philadelphia, Pennsylvania 19106-4476* |
| *E-mail Address: daniel.velez@usdoj.gov* | *(215) 861-8200* |
| *sarah.damiani@usdoj.gov* | |

June 28, 2017

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE:    United States v. Martin Kenney and Garrett Kelleher
                Criminal No. 17-CR-73

Dear Judge Diamond:

      Please accept this letter as the government's response to Mr. J. Joseph Bainton's June 22, 2017 letter regarding his client, Garrett Kelleher. Apart from serving as an introduction of himself as counsel and as an apology for his client's seeming disrespect for this Court's authority, the government reads the letter as raising three primary issues to which it now responds.

      First, counsel contends that Mr. Kelleher stands in a different position than Martin Kenney and Samuel Lohman. The government agrees. Kelleher, given his factual involvement as an investor and his status as a non-lawyer, stands in a different position than do Lohman and Kenney.

      Second, and this is the heart of the letter, counsel contends that "Mr. Kelleher has a complete defense to both the civil and criminal contempt charges, . . . . [because he] had absolutely no knowledge whatsoever of this Court's 'No Actions Injunction' prior to the recent initiation of contempt proceedings" (Doc. No. 23 at 2). For a person to be held liable for contempt, that person must have knowledge of the order he is alleged to have violated. More specifically, a finding of criminal contempt under § 401(3) requires proof, beyond a reasonable doubt, that: (1) the defendant disobeyed or resisted a court's lawful writ, process, order, rule, decree, or command. <u>United States v. Pozsgai</u>, 999 F.2d 719, 735 (3d Cir. 1993); and (2) such disobedience or resistance was willful. <u>Waste Conversion, Inc. v. Rollins Environmental Services, Inc.</u>, 893 F.2d 605, 608 (3d Cir. 1990). Knowledge is relevant to the second element, willfulness. For example, a contemnor's behavior is willful, if he has knowledge that a court's order prohibits certain actions and takes those actions nonetheless.

      As to Mr. Kelleher's knowledge here, it is beyond dispute that Mr. Kelleher had

knowledge of the Court's October 14, 2016 Order requiring his appearance at a December 14, 2016 hearing and warning that his failure to appear would subject him to prosecution for criminal contempt.  This is the order from which these criminal contempt proceedings flow.  The record itself establishes that Mr. Kelleher had knowledge of the Order[1] and counsel does not argue to the contrary.  Consequently, his lack of knowledge does not act as a defense to a charge that he violated the Court's October 14, 2016 Order.

As to Mr. Kelleher's knowledge of the Anti-Suit Inunction, because Mr. Kelleher's violation of the Injunction forms the basis of the civil contempt finding, which was the reason for the October 14, 2016 Order in the first instance, Mr. Kelleher's knowledge in this regard is certainly relevant and apparently subject to dispute.  Counsel represents that Mr. Kelleher had no knowledge of the Injunction "prior to the recent initiation of contempt proceedings."  (Doc. No. 23 at 2.)  However, the Confidential Information Binder, which was provided to Mr. Kelleher before he invested in CCI, Ltd. expressly references the Injunction and includes a chronology of the underlying civil suit.  Further, Mr. Kelleher concedes that he received this information before he made his investment.  This information and Mr. Kelleher's concession show that Mr. Kelleher in fact had knowledge of the Injunction.  The government will consider any evidence to the contrary including Mr. Kelleher's sworn testimony, which counsel offers to provide "in due course."

Finally, as to counsel's request for a face-to-face conference among counsel and the Court, the government is amenable to such a conference at the Court's convenience.

                Respectfully yours,

                LOUIS D. LAPPEN
                Acting United States Attorney


                  /s/  Sarah Damiani
                SARAH T. DAMIANI
                DANIEL A. VELEZ
                Assistant United States Attorneys


cc:    J. Joseph Bainton, Esquire
        Anthony J. Piazza, Esquire
        Patrick J. Egan, Esquire
        Nathan Huddell, Esquire

---

[1] Specifically, Mr. Kelleher filed a motion asking the Court to reconsider its October 14, 2016 Order (Civ. A. No. 91-6785, Doc. No. 489), and, when the Court denied his motion (Civ. A. No. 91-6785, Doc. No. 495), appealed to the Third Circuit.  The record thus shows that Mr. Kelleher had knowledge enough of Order to seek both reconsideration and review by the Third Circuit.  Mr. Kelleher could not seriously contend he lacked knowledge of the same.